**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| JIMMY LUKE GILES, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:07-CV-455 (MTT) |
| VS. | : | |
| | : | |
| RANDY TILLMAN, | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION TO DENY RELIEF

Before the court is petitioner Jimmy Luke Giles' 28 U.S.C. §2254 petition seeking habeas corpus relief. Tab #1. Respondent Randy Tillman has timely filed a response to the petition, a brief in support, and numerous exhibits in support thereof. Tab #6 and Tab #7. The petition is ripe for review.

## PROCEDURAL HISTORY

On February 3, 2004, petitioner Jimmy Luke Giles was indicted by a Houston County, Georgia grand jury on one count of arson and two counts of burglary. On March 31, 2004, petitioner Giles pled not guilty to all charges. On May 24, 2004, with the assistance of counsel, the petitioner changed his plea to guilty on all counts. He was sentenced as a recidivist and given a "split" sentence of twenty (20) years on each count with a total of twenty (20) years to serve followed by twenty (20) years probation.

On or about May 30, 2004, the petitioner moved to withdraw his guilty plea. In an order dated June 30, 2004, this request was denied. On September 2, 2004, the petitioner executed his first federal habeas petition in this court. See 5:04-cv-304-CAR. As the petitioner had yet to exhaust any of his available state judicial remedies, the federal petition was dismissed without prejudice. The order dismissing the federal petition was entered on June 24, 2005.

On May 12, 2005, during the pendency of the aforementioned federal petition, the petitioner executed a state habeas corpus petition in the Superior Court of Ware County, Georgia. Therein, the petitioner raised the following six (6) grounds for relief: 1) that his guilty plea was not intelligent and voluntary; 2) that his attorney Mr. Bennet Willis failed to fully explain his rights and failed to negotiate a fair plea agreement; 3) that his former attorney, Mr. Robert Gurd, violated attorney client privilege by sharing confidential information with the prosecutor; 4) that the prosecutor improperly withdrew a plea offer; 5) that he never received notice of the prosecutor's intent to seek punishment under the recidivist statute; and, 6) that he was denied his right to appeal.

The state habeas corpus court held an evidentiary hearing on the petition and, on October 24, 2006, denied relief. The Supreme Court of Georgia denied the petitioner's application for a certificate of probable cause to appeal the denial on July 13, 2007. Thereafter, in an order dated September 24, 2007, the petitioner's motion seeking reconsideration was also denied.

On November 27, 2007, petitioner Giles executed the instant federal petition. Therein, the petitioner essentially raised the same six (6) grounds raised in his state habeas petition. Having carefully considered this petition, and for the reasons that follow, the undersigned RECOMMENDS that the instant petition be DENIED.

## STATEMENT OF FACTS

The following facts were adduced at petitioner Giles' guilty plea hearing held in Houston County, Georgia. On December 27, 2003, on two separate occasions, petitioner Giles entered the residence of Vanessa Ward at 201 Baker Street, Warner Robins, Georgia. He did not obtain Ms. Ward's permission on either occasion. On the first occasion, the petitioner entered with intent to commit a theft. On the second occasion, he entered and caused damage by setting fire to the house.

<u>NEED FOR AN EVIDENTIARY HEARING</u>

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2254, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a review of the record in this case, and in light of the above fact statement, no evidentiary hearing is warranted in this case.

<u>LEGAL STANDARDS</u>

According to the provisions of 28 U.S.C. § 2254(d), this court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. <u>Williams v. Taylor</u>, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." <u>Putman v. Head</u>, 268 F.3d 1223, 1241 (11th Cir.2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies

the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

## DISCUSSION

### Ground One

In Ground One of the instant petition, petitioner Giles alleges that the "lower court" failed to prove that his guilty plea was made intelligently and voluntarily. In response to this assertion, respondent Tillman has averred that the issue of whether or not the petitioner's guilty plea was knowing and voluntary was considered and decided adversely to the petitioner by the state habeas court. For this reason, and upon the assertion that the state habeas court utilized the correct constitutional standards in making its decision, the respondent states that this court should defer to that decision and decline to consider this ground. The undersigned agrees.

The appropriate standard for evaluating challenges to guilty pleas is articulated in Boykin v. Alabama, 395 U.S.238 (1969). Therein, the Supreme Court explained that, for a guilty plea to be considered voluntary and intelligent, the record must demonstrate that the defendant acknowledged and waived his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. Id. at 243. In evaluating petitioner Giles' guilty plea, the state habeas court observed that:

> Mr. Willis [petitioner's counsel] advised Petitioner of his rights and what he would be waiving by entering a plea, including his rights to trial by jury, to testify or not testify at his choosing, and to confront and cross-examine witnesses and the evidence against him. Petitioner seemed to understand those rights and to make a voluntary and knowing decision to plead guilty. Petitioner also signed a written waiver and acknowledgment of [these] rights certifying his understanding of the contents of the form and desire to waive his rights.

In light of the above, it is apparent that the state courts' treatment of this claim was neither contrary to nor an unreasonable application of clearly established federal law. As such, and in accordance with the provisions of 28 U.S.C. § 2254(d), this court is prohibited from granting relief. Consequently, the instant claim fails.

## Ground Two and Ground Three

In Ground Two, the petitioner contends that he was denied effective assistance of counsel in that his counsel was ill prepared, did not investigate the case, and coerced him to plead guilty. In Ground Three, he contends that his original attorney violated attorney-client privilege by sharing privileged information with the prosecution. In his response to these assertions, respondent Tillman explained that the issue of whether or not the petitioner received effective assistance of counsel was considered and decided adversely to the petitioner by the state habeas court. For this reason, and upon the assertion that the state habeas court utilized the correct constitutional standards in making its decision, the respondent states that this court should defer to that decision and decline to consider these grounds. The undersigned agrees.

The Supreme Court clearly established the federal law governing ineffective assistance claims in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a petitioner's burden is two-fold. First, he must demonstrate that his counsel's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S.Ct. at 2066. Second, he must establish a reasonable probability that, but for his counsel's deficient performance, the result of the proceedings would have been different. Id. at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Both showings are necessary for any relief; failure to establish either is fatal and makes it unnecessary to consider the other. Id. at 697, 104 S.Ct. at 2069.

It is also important to note that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689, 104 S.Ct. at 2065. In addition to the deference to counsel's performance mandated by Strickland, and as discussed above, the AEDPA adds another layer of deference--this one to a state court's decision--when considering whether to grant federal habeas relief from a state court's decision. Woodford v. Visciotti, 537 U.S. at 24, 123 S.Ct. at 360 (§2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings") (internal marks and citation omitted). Thus, the petitioner must do more than satisfy the Strickland standard. He must also show that, in rejecting his ineffective assistance of counsel claims, the state court "applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002).

In accordance with the above legal standards, and following a detailed analysis of the claims set forth in Ground Two and Ground Three of the instant petition, the state habeas court concluded that the petitioner failed to meet either prong of the Strickland standard. The state habeas court's conclusions were founded on a factual basis supported by a thorough hearing of the evidence and were neither contrary to nor an unreasonable application of clearly established federal law. Consequently, and in accordance with the provisions of 28 U.S.C. § 2254(d), the petitioner is not entitled to relief on Ground Two or Ground Three of the instant petition.

## Ground Four

In Ground Four, the petitioner alleges that the district attorney violated his constitutional rights by withdrawing a plea offer. This claim was first raised by the petitioner in his state habeas petition. On review of this claim, the state habeas court observed that, by pleading guilty, the petitioner waived the right to subsequently raise any known or unknown defenses as well as any alleged constitutional violations that occurred prior to the guilty plea. United States v. Broce, 488

U.S. 563 (1989)("when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary"). In accordance with this observation, and in view of the fact that the instant claim involved an incident that occurred prior to entry of the guilty plea, the state habeas court determined that it was without merit. In making this finding, the state habeas court identified and applied the appropriate legal standard. As such, its application of the <u>Broce</u> standard was not unreasonable or contrary to clearly established federal law. Consequently, this court must defer to the state habeas court's decision and conclusion.

Ground Five and Ground Six

In Ground Five, the petitioner contends that the state never served him with notice that it was seeking recidivist punishment. In Ground Six, he contends his rights were violated because the trial court did not allow him to withdraw his guilty plea. In response to these claims, the respondent has submitted that, because these grounds involve criminal procedures that are strictly governed by Georgia state law, they do not state claims for relief in federal habeas corpus. The undersigned agrees.

The purpose of a 28 U.S.C. § 2254 petition is to determine whether a petitioner's incarceration pursuant to the judgment of a state court is in violation of the constitution, laws, or treaties of the United States. <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991). See also <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984) (a district court "may not issue the writ on the basis of a perceived error of state law."). As such, and in view of the fact that the claims alleged in Ground Five and Ground Six of the instant petition concern issues of state law, these grounds must fail.

CONCLUSION

For the above reasons, IT IS RECOMMENDED that the instant petition seeking relief under the provisions of 28 U.S.C. § 2254 be DENIED.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 19th day of November, 2010.

_____

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge