**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| JIMMY LUKE GILES, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:07-CV-455 (MTT) |
| RANDY TILLMAN, | ) ) ) |
| Respondent. | ) ) |

## ORDER

This matter is before the Court on the Recommendation (Doc. 18) of United States Magistrate Judge Charles H. Weigle. The Magistrate Judge recommends denying the Petitioner's Petition (Doc. 1) under 28 U.S.C. § 2254 seeking federal habeas corpus relief. The Petitioner did not file an objection to the Recommendation.

Pursuant to 28 U.S.C. § 2254(d), this Court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court

arrived at a result different from that reached in a Supreme Court case." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." *Id*. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id*. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).

The Petitioner's first four grounds for relief in his *federal* habeas corpus petition were also raised in his prior *state* habeas corpus petition. See Doc. 1, Attachment 2. Each of these grounds for relief was considered and decided adversely to the Petitioner by the state habeas court. The state habeas court's conclusions were founded on a factual basis supported by a thorough hearing of the evidence and were neither contrary to nor an unreasonable application of clearly established federal law. Thus, pursuant to 28 U.S.C. § 2254(d), this Court defers to the state habeas corpus court's decision, and the Petitioner's first four grounds for relief must fail.

The Petitioner's final two grounds for relief contain allegations that the state never served him with notice that it was seeking recidivist punishment and that his rights were violated because the trial court did not allow him to withdraw his guilty plea. Both of these grounds involve criminal procedures that are governed strictly by Georgia state law. The purpose of a 28 U.S.C. § 2254 petition is to determine whether a petitioner's

incarceration pursuant to the judgment of a state court is in violation of the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Thus, because the Petitioner's final two grounds for relief concern issues of state law, they do not state claims for relief in *federal* habeas corpus. Accordingly, these grounds must fail.

For the reasons set forth above, the Recommendation is adopted and made the order of this Court. The Petition of Jimmy Giles for federal habeas corpus relief under the provisions of 28 U.S.C. § 2254 is **DENIED**.

**SO ORDERED**, this the 4th day of January, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT